By the Court:

Booth, Chief Justice.
It is a principle of law that every man is lipposed to be sane until the contrary be shown, and the testimony this witness is competent unless he is proved to be insane. But [is presumption changes "with the proof of insanity. General inanity being proved, as has been done in this case, the presumption that it continues, and it rests on the party offering the witness, to [ow us that he has been so far restored to sanity as that he may be [ard as a witness with any reliance upon his memory and judg *346 ment. We think they have failed to do this. On the contrary, there exists strong evidence of delusion existing in the mind of this witness down to a very recent period, and to such an extent as to exclude the idea of his sanity. The opinions of medical men are entitled to peculiar weight on this subject, especially if they have had good means of observation, as is the case with the brother and nephew7 of this witness, who are very clear in their testimony as to his insanity. Though with much reluctance we feel constrained to exclude the witness as a man upon whose testimony no reliance whatever can be safely placed for want of mental capacity.
Woollen and J. É. Bayard, for plaintiffs.
Cullen and Ridgely, for defendants.
The plaintiffs finally had a verdict.